**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**38 FILMS, LLC, et al.**                                               **PLAINTIFFS**

**v.**                                          **Civil Action No.: 3:16-cv-00198-MPM-RP**

**WENDY YAMANO, et al.**                                          **DEFENDANTS**

<u>**ORDER**</u>

This matter comes before the Court on Defendants' Motion for Summary Judgment [59], Plaintiffs' Response, and Defendants' Reply. The Court has considered these submissions, relevant case law and evidence, including both films in question, and is now prepared to rule.

## I.      Procedural History

Plaintiffs Dr. Charles E. Smith, Jr. and 38 Films, LLC, filed their Amended Complaint against Defendants Wendy Yamano, Mt. Philo Films, LLC, ESPN, Inc., Laspata Decaro Studio Corporation, John Does 1-3, and XYZ Corporations 1-3 on January 31, 2017. The Complaint alleged the following claims against the Defendants: Breach of Contract, Fraudulent Misrepresentation, Negligent Misrepresentation, Conversion, Copyright Infringement, and Negligent Hiring. In addition, the Plaintiffs ask for a preliminary and permanent injunction. On August 2, 2017, Defendants filed the instant Motion for Summary Judgment on the Copyright Claim.

## II.      Jurisdiction

This Court has diversity jurisdiction over the parties, as the Plaintiffs and the Defendants are entirely diverse, and the amount in controversy is over $75,000.

1

### III.    Factual Background

**a) Undisputed Facts**

Chucky Mullins was a college football player for the University of Mississippi ("Ole Miss") when he was permanently injured when tackling Vanderbilt football player Brad Gaines during the Vanderbilt game against Ole Miss in Oxford, Mississippi in 1989. Individuals from Ole Miss, the State of Mississippi, and across the nation provided support to Mullins, who was paralyzed after the injury. Mullins died from complications from his injuries on May 6, 1991.

In 2004, Plaintiffs Dr. Charles E. Smith, Jr. and 38 Films, LLC, hired Micah Ginn and Matthew Nothelfer to make a documentary about the life and legacy of Chucky Mullins. The Plaintiffs' film, *Undefeated*, features interviews with former Ole Miss Football players and staff, Chucky Mullins' family members, as well as other individuals familiar with Mullins' story, including Brad Gaines. The story delved into Mullins' childhood and teenage years in Russellville, Alabama, as well as his time at the University of Mississippi. The film debuted in 2004, and was released on DVD in 2005.

In 2013, Wendy Yamano contacted Micah Ginn regarding a documentary she was making for ESPN, which would eventually be titled *It's Time*. During one of their conversations, Ginn informed Yamano that he had previously worked for the Plaintiffs on the *Undefeated* film. On July 16, 2013, Yamano requested that Ginn forward her a copy of the *Undefeated* film, stating that she would "love to watch [Undefeated] through given [that] I'm guessing we will look to license some clips from it.[1]" Yamano emailed Ginn again in early 2014 with the subject line "Chucky Mullins Project." That email states that Yamano had "been watching [*Undefeated*] a lot recently," and that

---

[1] Docket No. 69-9; July 16, 2013 email between Ms. Yamano and Micah Ginn with the subject line "Chucky Mullins DVD"

the film is "well done with lots of great clips."[2] Further, Yamano asked Ginn for contact information for Coach Brewer and Leroy Mullins, who were both a part of the 1989 Ole Miss Football team staff, were both interviewed in *Undefeated*, and were both subsequently featured in *It's Time*.

In June 2014, Yamano and Plaintiff Smith had at least one phone conversation regarding the potential use of footage from *Undefeated* in *It's Time*. There is a dispute between the parties regarding what, if anything, was actually agreed upon in that phone conversation. On September 1, 2014, Dr. Smith emailed both Micah Ginn and Defendant Yamano, stating that he had "just learned that [*It's Time*] is set to premiere on Vanderbilt's campus [September 2nd], and to air on the SEC Network [September 4th]." Dr. Smith asserts in that email that he did not consent to the use of any digital material or intellectual property belonging to 38 Films in the ESPN film, *It's Time*. Further, Smith asserts in the email that he had not been compensated for the use of that digital material and intellectual property, nor did he "agree to compensation" for the use of either digital material or intellectual property. Finally, Smith states that the individuals or entities who "own material that appeared in *Undefeated* do not [...] have the right to license said materials from 38 Films' digital archives" for appearance in *It's Time*.

*It's Time* debuted on the SEC Network, an ESPN affiliate television channel, on September 4, 2014. At minute 2:08 of the film, the full title of the film appears on the screen, stating "It's Time: The Story of Brad Gaines and Chucky Mullins." The titular phrase "It's time" appears at least twice in the film—once when Chucky Mullins and the 1989 Ole Miss Football team proclaimed their team rallying cry in the locker room during the Liberty Bowl,[3] and once when

---

[2] Docket No. 69-10; February 18, 2014 email between Ms. Yamano and Micah Ginn with the subject line "Chucky Mullins Project"
[3] Chucky Mullins and the 1989 Ole Miss Football team shout the "It's time!" rallying cry when Chucky visits the locker room during the 1989 Liberty Bowl game. Timestamp is 36:20.

Mullins' doctor is speaking with Brad Gaines immediately before Mullins' death.[4]  *It's Time* tells the story of Chucky Mullins, but also tells the story of Brad Gaines as well. To the extent that *It's Time* tells Mullins' story, the film interviews many of the same individuals who appeared in *Undefeated*, and many of the same stories are discussed and depicted.  It appears, upon the Court's viewing of the films, that identical or similar footage and photographs featured in *Undefeated* are also depicted in *It's Time.*  At the end of the credits of the film, the "Thanks to" screen lists several names, with Plaintiff Smith being the last name on that list; Plaintiff 38 Films, LLC, does not appear in the credits.

### b)  Disputed Facts

The question of an oral contract is in dispute.  The Plaintiffs claim that during the original phone conversation between Smith and Yamano, "Defendants stated they would list *Undefeated* in the source credits, and would pay 38 Films $3,000 for each minute of footage used from *Undefeated* [in *It's Time*]."[5]  Following what the Plaintiffs assert was an oral contract, the Plaintiffs allege to have sent Defendants the 38 Films digital archives, featuring digital files of the mastered footage used in *Undefeated*.  Plaintiffs claim that, on that day, Dr. Smith was under the impression that the ESPN documentary was going to be about Brad Gaines.  Dr. Smith was seemingly unaware at that point that *It's Time* would be the name of the ESPN film.

The parties also dispute whether *It's Time* is about Chucky Mullins or Brad Gaines.  While the Defendants characterize the film as a "survivor story" about Brad Gaines, the Plaintiffs argue that the film is substantially about Chucky Mullins.  To the extent that the film is about Chucky Mullins, the Plaintiffs claim that the Defendants stole ideas and structure from *Undefeated*.

---

[4] Mullins' doctor says, "It's time." When speaking with Brad Gaines before Mullins' death. Timestamp is 57:30.
[5] Plaintiffs' Complaint, Docket No. 1, Page 3

Defendants claim that they "did not use any actual footage from *Undefeated*," while Plaintiffs claim the Defendants used, and actually stole, footage from the 38 Films Digital Archive to use in *It's Time*. Defendants assert that the footage is licensed material from third-party individuals and is not the property of the Plaintiffs. However, the Plaintiffs assert that the historical footage in question is the property of the Plaintiffs, as the Plaintiffs digitized and altered the footage for *Undefeated*. Namely, the Plaintiffs claim that they made the artistic choice to remove the Confederate battle flag from at least some of the footage from the Ole Miss football games.

According to the Plaintiffs, the Defendants' use of footage from the digital archive was not performed according to the terms of the oral contract. Specifically, Plaintiffs assert that they were not compensated and did not receive proper source credit. Defendants assert that even if they did use the footage mastered by 38 Films, that it would not constitute a copyright violation against 38 Films. This dispute is the basis for the instant Motion for Summary Judgment on the copyright infringement claims.

### IV.    Standard

Summary judgment is appropriately granted when the evidence shows that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists where a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). A court considering a motion for summary judgment must construe the facts and evidence in the light most favorable to the nonmoving party. *Ford, Bacon & Davis, LLC v. Travelers Ins. Co.,* 635 F.3d 734, 736 (5th Cir. 2011). If the party seeking summary judgment meets its initial burden, the nonmoving party must then counter "with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). The

5

nonmoving party cannot rely on metaphysical doubt, conclusive allegations, or unsubstantiated assertions but instead must show that there is an actual controversy warranting trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "The moving party is 'entitled to a judgment as a matter of law' [where] the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 317, 106 S. Ct. 2548, 2550, 91 L. Ed. 2d 265 (1986).

## V.    Discussion

At issue in the instant motion is whether summary judgment is proper on the Plaintiffs' copyright violation claim. There are two primary components to the Plaintiffs' copyright claim: 1) that Defendants violated Plaintiffs' protected expression of the Chucky Mullins story, and 2) that Defendants' violated the Plainitffs' copyright by using protected digitized footage from *Undefeated* in *It's Time*. Defendants assert that their "alleged use of Plaintiffs' digitized version of third-party footage does not constitute a copyright violation." In addition, Defendants state in a footnote to their argument that, "clearly, Plaintiffs do not own the right to Mullins' story." While the Court agrees that the Plaintiffs do not own the right to Mullins' story, it is not "clear" to this Court that the Plaintiffs do not own the right to their expression of Mullins' story. In addition, the Court sees genuine issues of material facts that make summary judgment improper on the issue of the use of the digitized media.

### a)  Digitized Media

It is undisputed that the Plaintiffs converted and digitized media from third-party sources in order to use those clips and photographs in *Undefeated*. That digitized media supposedly exists (or existed) in a 38 Films digital archive, though no conclusive evidence has yet been provided. Defendants evade the question of whether or not they actually received the 38 Films digital film

archive, and whether the footage used in *It's Time* came directly from that archive or from the third-party licensers of the material. Defendants aver that the media in the 38 Films Archive is not copyrightable and does not belong to the Plaintiffs, as the material is essentially just footage and photographs from third-party sources. However, the process of digitizing the media for the 38 Films digital archive and *Undefeated* is a process that requires skill and labor on the part of the Plaintiffs or those working for the Plaintiffs. According to the Fifth Circuit, a "collection of non-copyrightable material may qualify for protection if original skill and labor is expended in creating the work." *Apple Barrel Prods. v. Beard*, 730 F.2d 384, 388 (5th Cir. 1984).

The question of whether the digital media existing in *It's Time* came directly from *Undefeated* is important if, as the Plaintiffs argue, the Plaintiffs altered the footage from its original form in the digitization and production process. By removing images of the Confederate flag being waved in the Ole Miss stadium, presumably to avoid uncomfortable plot ironies, Plaintiffs altered the media from its original state. In doing so, the Plaintiffs instilled more culturally sensitive graphics to the footage, changing the picture to fit their hagiographic narrative. Plaintiffs identify this cinematic legerdemain as their "creative expression." The question of whether that originality, or creative expression, is sufficient to make the footage copyrightable is a question for the jury.

**b) Expression of Mullins' story**

Defendants also argue that the Plaintiffs do not own any right to Mullins' story. However, "it is well settled that copyright protection extends […] to an author's expression of facts," even though copyright protection does not extend "to the facts themselves." *Miller v. Universal City Studios, Inc.,* 650 F.2d 1365, 1368 (5th Cir. 1981). Although fact discovery is not protected, there "may be originality and […] authorship in the manner of reporting" the facts. *Id.* Copyright

protection does not extend to the "labor of research," but it does protect the "original expression by the author of the results of the research." *Id.* at 1369.

Plaintiffs assert that copyright laws protect their storytelling in *Undefeated*, and that the selection of interviewees and their stories, as well as the sequence in which those stories appear, is included in their storytelling. A reasonable jury could find that the selection and order of interviews, stories, and historical footage in *Undefeated* is an original work of authorship, and further, that the Plaintiffs' expression of Mullins' story is protected under copyright law. For the reasons listed above, sufficient material facts are in dispute regarding the copyright claim. Summary judgment is improper at this time.

### VI.    Conclusion

In conclusion, there are material facts present in the copyright claim such that "a jury could reasonably find" for the Plaintiffs. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

ACCORDINGLY, the Defendants' Motion for Summary Judgment on the Copyright claim [59] is DENIED.

SO ORDERED, this the 30th day of October, 2017.


**MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NOTHERN DISTRICT OF MISSISSIPPI**

8