IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**38 FILMS, LLC, et al.**                                                                                         **PLAINTIFFS**

**v.**                                                   **Civil Action No.: 3:16-cv-00198-MPM-RP**

**WENDY YAMANO, et al.**                                                                **DEFENDANTS**

**ORDER**

Now before the Court is plaintiffs' *Motion in Limine* [82], defendants' response, and plaintiffs' rebuttal. The motion is two fold: 1) it seeks to prohibit the defendants' expert, Mitchell Block, from offering legal conclusions and 2) it seeks to prohibit the introduction of or reference to plaintiffs' and other witnesses' previous use of profanity. Defendants represent that they "have no intention of eliciting legal opinion testimony from Mr. Block," nor do they "oppose redaction of the profanities so long as […] the unredacted statements are not robbed of their context and meaning."

**Standard**

This Court has previously held that "[t]he purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015) (internal citations omitted). When ruling upon motions *in limine*, the Court notes that "[e]vidence should not be excluded . . . unless it is clearly inadmissible *on all potential grounds*."[1] *Id.* (quoting *Fair v. Allen*, 2011 WL 830291, at *1 (W.D. La. Mar. 3, 2011)) (emphasis added). Moreover,

---

[1] *See also U.S. v. Porter*, 2016 WL 740393, at *3 (E.D. La. Feb. 25, 2016) (quoting *Harris v. City of Circleville*, 2010 WL 816974, at *2 (S.D. Ohio Mar. 5, 2010)) ("[A] court should not making a ruling in limine unless the moving party meets its burden of showing that the evidence in question is *clearly inadmissible*.") (emphasis added).

evidentiary rulings "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Rivera v. Salazar*, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008) (citing *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)). The Court also notes that the "[d]enial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Gonzalez v. City of Three Rivers*, 2013 WL 1150003, at *1 (S.D. Tex. Feb. 8, 2013) (quoting *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993); *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)). Finally, "[t]he purpose of motions *in limine* is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify *specific* issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion *in limine*." *Maggette v. BL Development Corp.*, 2011 WL 2134578, *4 (N.D. Miss. May 21, 2011) (emphasis in original).

## Discussion

With this standard in mind, the Court turns to the substance of plaintiffs' motion.

a) **Excluding Legal Conclusions Offered by Expert Witnesses**

As stated above, plaintiffs first request that the court exclude any testimony from defendants' expert witness, Mitchell Block, which appears to offer legal conclusions, "usurp[ing] the jury's role." Specifically, plaintiffs seek to exclude any legal conclusions from Block relating to "who owns the rights to digitized material" and "whether *It's Time* infringes *Undefeated's* copyright." In their rebuttal brief, plaintiffs ask the court to prohibit Block from using legal terms such as "substantially similar" and "probatively similar," as well as from offering any opinions

2

whatsoever regarding substantial similarity. Defendants assert that they do not intend to elicit any "legal opinion" from Block; rather, defendants state that they intend to offer Block's testimony to "assist the jury in evaluating the factual similarities and dissimilarities between the two films" and "to explain why both films necessarily include footage created by third parties."

Regarding the testimony of expert witnesses, case law has noted that legal opinions or conclusions must be excluded as improper. "Under Rule 704(a), 'testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.'" *United States v. Izydore,* 167 F.3d 213, 218 (5th Cir. 1999) (Internal citations omitted). However, that rule does not "allow a witness to give legal conclusions." *Id.* Other courts have held that "opinions regarding authorship, ownership, and derivative works must be excluded as improper legal opinions." *Interplan Architects, Inc. v. C.L. Thomas, Inc.,* 2010 U.S. Dist. LEXIS 107941 at *24 (S.D. Tex. 2010). The court in *Interplan* also excluded expert testimony regarding the "substantially similar" aspects of two designs, given that such testimony is a "legal conclusion." *Id.* at *32.

Applying the relevant case law, the court agrees that legal opinions or conclusions provided by Block are inadmissible. Further, any explanation by the witness regarding how the films are "substantially similar" is a legal conclusion, and is also inadmissible. To limit Block from saying "substantially similar" or "probatively similar," however, goes further than the current case law allows. Outside of the context of trial, the court is unable to predict every situation in which Block may use the phrases "substantially similar," "probatively similar," or any variation of similar words, so the court will not order *in limine* that Block be prevented from stating those words. The court finds that the plaintiffs' motion regarding prohibiting Block from giving legal conclusions, including whether the films are substantially similar, is well taken. However, the request that Block

be prohibited from using the terms "substantially similar" or "probatively similar" is not granted at this time.

    **b) Excluding Use of Profanity by Witnesses**

Plaintiffs also contend that any evidence of prior use of profanity by the plaintiffs or by other witnesses should not be referenced to or introduced as evidence. Plaintiffs do not contend that the documents containing profanity are themselves inadmissible, but, rather, that the profanity within the documents should be redacted and noted as inadmissible. Defendants do not object to the profanity being redacted, so long as "the unredacted statements are not robbed of their context and meaning." FRE 403 states that "[t]he Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . [or] wasting time[.]" FED. R. EVID. 403. The use of profanity by the plaintiffs or by any other witnesses has minimal probative value and a high possibility of potential prejudice against the plaintiffs, and as such, should be excluded. The court finds that the plaintiffs' request is well taken.

Accordingly, it is hereby ORDERED that plaintiffs' Motion in Limine [82] is GRANTED in part and DENIED in part.

SO ORDERED, this the 6th day of November, 2017.

                                              **/s/ MICHAEL P. MILLS**
                                              **UNITED STATES DISTRICT JUDGE**
                                              **NORTHERN DISTRICT OF MISSISSIPPI**