FORM 3 (ND/SD MISS. DEC. 2011)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**38 FILMS, LLC**                                                                                              **PLAINTIFF**

**V.**                                                              **CIVIL ACTION NO. 3:16-CV-00198-MPM-RP**

**WENDY YAMANO, ESPN, INC.,**
**MT. PHILO FILMS, LLC**                                                            **DEFENDANTS**

## PRETRIAL ORDER

**1.** A pretrial conference was held on November 2, 2017, at 10:00 a.m. in the United States Courthouse in Oxford, Mississippi before United States Magistrate Judge Roy Percy.

**2.** The following counsel appeared:

|  | Name | Postal and Email Addresses | Telephone No. |
|---|---|---|---|
| **a.** | For the Plaintiff: | | |
|  | D. Sterling Kidd<br>Bradley W. Smith | P. O. Box 14167<br>Jackson, MS 39236<br>skidd@bakerdonelson.com<br>bsmith@bakerdonelson.com | 601-351-2400 |
| **b.** | For the Defendants: | | |
|  | M. Patrick McDowell<br>Karen E. Howell | P.O. Drawer 119<br>Jackson, MS 39201<br>pmcdowell@brunini.com<br>khowell@brunini.com | (601) 948-3101 |
|  | James E. Curry | 1901 Avenue of the Stars, Suite 1600<br>Los Angeles, CA 90067<br>jcurry@sheppardmullin.com | (310) 228-2289 |

FORM 3 (ND/SD MISS. DEC. 2011)

3. The pleadings are amended to conform to this pretrial order.

4. The following claims (including claims stated in the complaint, counterclaims, crossclaims, third-party claims, etc.) have been filed:

   38 Films' remaining claims are for (1) copyright infringement, (2) breach of contract, (3) negligent misrepresentation, (4) fraudulent misrepresentation, and (5) permanent injunction.

5. The basis for this court's jurisdiction is:

   28 U.S.C.§ 1338 (copyright infringement)
   28 U.S.C.§ 1332 (diversity)

6. The following jurisdictional questions remain: None.

7. The following motions remain pending: None.

8. The parties accept the following **concise** summaries of the ultimate facts as claimed by:

   a. Plaintiff:

   In 2004, 38 Films, LLC (hereinafter, "38 Films") commissioned a work-for-hire; namely, a documentary film about former Ole Miss football player Chucky Mullins ("Chucky"). That film was titled *Undefeated*. 38 Films spent many hours interviewing Chucky's Ole Miss teammates as well as other friends and family of Chucky. The film debuted in Oxford, and received positive reviews. 38 Films invested $127,872.37 in *Undefeated*. They have also explored making a feature film or making a deal to have someone else make one, but to date have not made one.

   In 2014, Defendants made a documentary film about Chucky. Prior to making the film, they approached 38 Films to ask questions about *Undefeated*, and also requested access to 38 Films' digital archive relating to Chucky. Ultimately, the parties reached an agreement—the terms of which are in dispute—and based on that agreement, 38 Films sent Defendants a copy of their digital archive.

FORM 3 (ND/SD MISS. DEC. 2011)

    **b.**    Defendants:

In July 2013, Wendy Yamano contacted Micah Ginn, in his role as the University of Mississippi Director of Creative Services responsible for all Ole Miss Athletics media production, seeking access to and potential licenses for use of footage owned by the University for a planned documentary film that would focus on Chucky Mullins and Brad Gaines, the Vanderbilt player Chucky was tackling when he suffered his injury.

Ms. Yamano was not aware of Plaintiff's *Undefeated* documentary film from 2004 when she first contacted Mr. Ginn in July 2013. Mr. Ginn informed her of *Undefeated* and his role in producing it. *Undefeated* began as Mr. Ginn's idea. Mr. Ginn pitched it to Dr. Charles Smith, who agreed to fund the project in the hopes of making a profit. Dr. Smith and Mr. Ginn then formed 38 Films, LLC.

Ms. Yamano had several conversations and emails with Dr. Smith regarding potentially using some footage from *Undefeated* in *It's Time*. Although Plaintiff claims an agreement was reached, no footage from *Undefeated* appears in *It's Time*. Ms. Yamano and Philo Films, LLC licensed their footage from Ole Miss Athletics and other universities and news sources.

Ms. Yamano and Mt. Philo Films, LLC produced *It's Time* pursuant to an October 2013 contract with ESPN, Inc., which specified that they were independent contractors with no partnership, joint venture, or agency relationship. The SEC Network, an ESPN affiliate, first aired *It's Time* on September 4, 2014.

**9.**    **a.**    The following facts are established by the pleadings, by stipulation, or by admission:

    1. *Undefeated* is subject to copyright protection, and the holder of those rights is 38 Films.

    2. Plaintiff registered *Undefeated* for copyright protection effective May 28, 2015. Plaintiff excluded from its registration any copyright claim for preexisting footage and preexisting photographs.

    3. *It's Time* is subject to copyright protection, and the holder of those rights is ESPN.

    4. Prior to completing *It's Time*, Wendy Yamano had conversations with Micah Ginn and Chuck Smith about *Undefeated*.

    5. Each time Chuck Smith talked to Wendy Yamano, he was doing so on behalf of 38 Films.

FORM 3 (ND/SD MISS. DEC. 2011)

    6. In late May 2014, Micah Ginn sent Wendy Yamano a disc drive containing digitized versions of third-party footage that 38 Films had paid to digitize.

    7. Micah Ginn later sent Wendy Yamano a second copy of the same disc drive at her request.

    8. Ms. Yamano and Mt. Philo licensed footage from the University of Mississippi Foundation and from other universities, news sources and individuals.

    9. After *It's Time* first aired on television, Defendants did not maintain native versions of the film that can be searched using forensic methodology. It is available only in DVD or other protected formats.

    10. Plaintiff 38 Films, LLC is a limited liability company whose members are Chuck Smith and Micah Ginn.

    11. Chuck Smith is, and always had been, the sole controlling member of 38 Films, LLC.

    12. Plaintiff paid Micah Ginn and Matthew Nothelfer $15,000 each for their work in making *Undefeated.*

    13. When Chuck Smith first spoke with Wendy Yamano in May 2014, he offered to sell her all rights to *Undefeated* for $150,000.

**b.** The contested issues of fact are as follows:

    1. The content of any and all telephone conversations between Chuck Smith, Micah Ginn, and Wendy Yamano.

    2. The content of the agreement, if any, reached in late May or early June 2014 relating to the use of 38 Films' digitized third-party footage and/or to the promotion of *Undefeated* in Defendants' planned documentary .

    3. Whether and the extent to which Fritz Mitchell and Wendy Yamano watched *Undefeated* prior to planning and making the film *It's Time*.

    4. The amount of Plaintiff's digitized versions of third-party film footage, if any, that Defendants used in *It's Time*.

    5. The amount of material relating to Chucky that Defendants obtained in original format and either digitized or paid someone else to digitize.

FORM 3 (ND/SD MISS. DEC. 2011)

6. The amount of University of Mississippi-owned footage that Micah Ginn sent to Wendy Yamano in its original, un-digitized format.

7. Exactly what materials Micah Ginn sent to Wendy Yamano.

8. The amount of damages, if any, 38 Films is entitled to recover.

9. Whether Defendants' alleged misrepresentations proximately caused Plaintiff's alleged damages

10. Whether Plaintiff failed to reasonably mitigate its alleged damages.
11. Whether Plaintiff spent more than $75,000 making *Undefeated*.

12. Whether Plaintiff spent approximately $127,872.32 on *Undefeated*.

13. Whether Plaintiff lost approximately $91,000 making *Undefeated* and developing a script for a potential feature film.

14. Whether Wendy Yamano had seen *Undefeated* when she first spoke with Chuck Smith in May 2014.

15. Whether Chuck Smith knew Wendy Yamano had never seen *Undefeated* when they first spoke in May 2014.

16. Whether when Chuck Smith learned during their first conversation in May 2014 that Wendy Yamano was not interested in acquiring the rights to *Undefeated*, he hoped her documentary film (which would become *It's Time*) would incorporate clips of original material from *Undefeated* in exchange for a promotional credit or "product placement" for *Undefeated* in *It's Time*, and whether he told Ms. Yamano he did not wish to receive any money for the *Undefeated* material.

17. Whether when Chuck Smith learned in August 2014 that *It's Time* did not feature any original material from *Undefeated*, but only featured some of the same third-party footage featured in *Undefeated*, he planned to ask Ms. Yamano for $75,000, the total amount Plaintiff spent making *Undefeated.*

18. Whether and how the Defendants compensated the University of Mississippi for use of the university's footage.

19. Brad Gaines' involvement, if any, with the *Undefeated* and *It's Time* documentary films and any related feature film.

5

FORM 3 (ND/SD MISS. DEC. 2011)

    **c.**    The contested issues of law are as follows:

1. Whether Defendants breached any contract with Plaintiff.

2. Whether Defendants made any fraudulent or negligent misrepresentation to 38 Films which was material, which Defendants knew or reasonably should have known was false, on which 38 Films justifiably relied, and which proximately caused damages to 38 Films.

3. The copyright ownership interest held by 38 Films, if any, in the media that it allegedly converted from original source material into digital media, and that it allegedly paid to license from the original source (mixed question of law and fact).

4. Whether Plaintiff has a copyright interest in digitized versions of third-party footage owned by the University of Mississippi and others, when viewed in the context of the entire *Undefeated* film (mixed question of law and fact).

5. Whether *It's Time* infringes Plaintiff's expression of Chucky Mullins' story, as expressed in *Undefeated* (mixed question of law and fact).

6. Whether the alleged similarities between *Undefeated* and *It's Time* are factual events, *scenes a faire* and/or obvious choices (mixed question of law and fact).

7. Whether factual events, *scenes a faire* and/or obvious choices are subject to copyright protection

8. Whether Plaintiff can assert a copyright infringement claim in this action based on an alleged copyright in digitized versions of third-party footage if Plaintiff has no registered copyright covering digitized versions of third-party footage.

9. Whether the alleged similarities between *Undefeated* and *It's Time* are inactionable under the "*scènes à faire*" doctrine.

10. Whether Defendants' alleged conduct constitutes fair use of Plaintiff's work.

11. Whether Defendants' alleged use of Plaintiff's work was *de minimis* and therefore inactionable.

12. Whether Defendants infringed 38 Films' copyright in *Undefeated* and, if so, whether they did so intentionally.

13. Whether *It's Time* and *Undefeated*, or portions thereof, are probatively and substantially similar, in whole or in part (mixed question of law and fact).

FORM 3 (ND/SD MISS. DEC. 2011)

14. Whether 38 Films is entitled to a permanent injunction preventing Defendants from future airings or sales of *It's Time*.

15. Whether 38 Films is entitled to a permanent injunction preventing Yamano and Mt. Philo from continuing with their feature film about Chucky Mullins.

16. Whether 38 Films is entitled to recover damages from Defendants, and if so in what amount.

17. Whether Plaintiff is eligible for attorneys' fees or costs based on alleged infringement of an alleged copyright in digitized versions of third-party footage if Plaintiff has no registered copyright covering digitized versions of third-party footage.

18. Whether 38 Films is entitled to recover attorney's fees from Defendants, and if so in what amount.

19. Whether Defendants are entitled to recover attorney's fees from 38 Films, and if so in what amount.

20. Whether Plaintiff is entitled to punitive damages.

21. Whether Defendants committed spoliation of evidence by failing to preserve *It's Time* in a form that would have permitted forensic examination and comparison.

22. Whether ESPN is liable for any actionable conduct that Wendy Yamano, Fritz Mitchell, and Mt Philo Films may have committed relating to *It's Time*.

**10.** The following is a list and brief description of all exhibits (except exhibits to be used for impeachment purposes only) to be offered in evidence by the parties. **Each exhibit has been marked for identification and examined by counsel.**

   **a.** To be offered by both parties:

| **EXHIBIT NO.** | **DESCRIPTION** | **IDENTIFIER** |
| --- | --- | --- |
| J-1 | Emails produced by 38 Films (with profanities redacted) | 38 Films 001-8, 132-181, 184-187, 267-72 |
| J-2 | Emails produced by ESPN | ESPN 00001-55, 00059, 00076-177, 00180-380, 00382-406 |
| J-3 | Emails produced by Mt. Philo | MtPhilo 00083- |

7

F<small>ORM</small> 3 (ND/SD M<small>ISS</small>. D<small>EC</small>. 2011)

| | | | |
|---|---|---|---|
| | | | 00095, 00096-00107, 00112-00194, 00198-207, 00210-219, 00222-357, 10096-10166, 10169-10178, 10183-199, 10202-245 |
| | J-4 | 38 Films depiction, photo, and/or footages releases and/or licenses and payments | 38 Films 037-39, 045-131 |
| | J-5 | 38 Films/University of Mississippi Alumni Association distribution agreement with cover letter | 38 Films 032-036 |
| | J-6 | 38 Films/Rivals.com distribution and sales agreement | 38 Films 040-44 |
| | J-7 | 38 Films, LLC – Profit & Loss Detail spreadsheet | 38 Films 010-31 |
| | J-8 | ESPN, Inc. agreement with Mt. Philo Films, LLC | MtPhilo 000002-15 |
| | J-9 | 38 Films, LLC's Copyright Registration for "Undefeated: The Chucky Mullins Story" | 38 Films 009 |
| | J-10 | SEC Storied – It's Time, Net Ad Sales Revenue by Fiscal Year by Network | ESPN 000407 |
| | J-11 | Mt. Philo depiction, photo, and/or footages releases and/or licenses, and paid invoices | MtPhilo 00016-60, 00079-82 |
| | J-12 | *Undefeated* | |
| | J-13 | *It's Time* | |

**b.** To be offered by the Plaintiff:

| **E**XHIBIT **N**O. | **I**DENTIFIER | **D**ESCRIPTION |
|---|---|---|
| P-1 | ESPN 60-75 (with 61-75 redacted to remove references to charitable contributions) | 9/15/14 email from W. Yamano to T. Picard with attachment showing final footage report |

FORM 3 (ND/SD MISS. DEC. 2011)

| | | |
|---|---|---|
| P-2 | MtPhilo 0061-76 (with all references to charitable contributions redacted) | Mt. Philo spreadsheet showing clearances |
| P-3 | 38 Films 188-190 (with 189 redacted to remove references to charitable contributions) | 3/12/17 email from M. Ginn to S. Kidd forwarding 9/8/14 email from M. Ginn to W. Yamano with email string |
| P-4 | 38 Films 193-195 (with 195 redacted to remove references to charitable contributions) | 3/12/17 email from M. Ginn to S. Kidd forwarding 9/17/14 email from M. Ginn to W. Yamano with email string |
| P-5 | MtPhilo 10179-10182 (with 10181-10182 redacted to remove references to charitable contributions) | 8/22/14 email from W. Yamano to T. Picard with email string |
| P-6 | | 2016 Form 10-K for the Walt-Disney Company |

*The Plaintiff reserves the right to use any exhibit identified by the Defendants.*

Defendants object to the following exhibits:

| **Exhibit** | **Objection:** |
|---|---|
| P-1 | Proposed redactions have no evidentiary basis. |
| P-2 | Proposed redactions have no evidentiary basis. |
| P-3 | Proposed redactions have no evidentiary basis. |
| P-4 | Proposed redactions have no evidentiary basis. |
| P-5 | Proposed redactions have no evidentiary basis. |
| P-6 | Fed. R. Evid. 401 and 403. |

FORM 3 (ND/SD MISS. DEC. 2011)

    **c.**    To be offered by the Defendant:

| **EXHIBIT NO.** | **DESCRIPTION** | **IDENTIFIER** |
| --- | --- | --- |
| D-1 | Mt. Philo spreadsheet showing clearances (unredacted) | MtPhilo 00061-76 |
| D-2 | Gift Summary and Receipt from the University of Mississippi Foundation | MtPhilo 00077-78 |
| D-3 | 9/15/14 email from W. Yamano to T. Picard with attachment showing final footage report (unredacted) | ESPN 00060- 75 |
| D-4 | Text messages between Chuck Smith and Micah Ginn (with profanities redacted) | 38 Films 273-___ |
| D-5 | Emails produced by 38 Films (with profanities redacted) | 38 Films 182-183, 188-266 |
| D-6 | Emails produced by ESPN | ESPN 56-58, 178-179, 381 |
| D-7 | Emails produced by Mt. Philo | MtPhilo 00108-111, 00195-197, 00220-221, 10167-10168, 10179-10182 |
| D-8 | Chris Connelly/ESPN feature on Chucky Mullins and Brad Gaines (January 9, 2005) | |
| D-9 | Larry Woody, *A Dixie Farewell: The Life and Death of Chucky Mullins* (1994) | |
| D-10 | Jody Hill, *38: The Chucky Mullins Effect* (2014) | |

*The Defendants reserve the right to use any exhibit identified by the Plaintiff.*

Plaintiff objects to the following exhibits:

| **Exhibit** | **Objection:** |
| --- | --- |
| D-1 | Fed. R. Evid. 401, 402, 403, and 801. |
| D-2 | Fed. R. Evid. 401, 402, 403, and 801. |
| D-3 | Fed. R. Evid. 401, 402, 403, and 801. |
| D-4 | Fed. R. Evid. 401, 402, 403, and 801. |
| D-5 | Fed. R. Evid. 401, 402, 403, and 801. |
| D-6 | Fed. R. Evid. 401, 402, 403, and 801. |
| D-7 | Fed. R. Evid. 401, 402, 403, and 801. |
| D-8 | Fed. R. Evid. 401, 403, 801, and 901. |

FORM 3 (ND/SD MISS. DEC. 2011)

    D-9        Fed. R. Civ. P. 37; Fed. R. Evid. 401, 403, 801, and 901.
    D-10      Fed. R. Civ. P. 37; Fed. R. Evid. 401, 403, 801, and 901.

**11**. The following is a list and brief description of charts, graphs, models, schematic diagrams, and similar objects which will be used in opening statements or closing arguments, but which **will not** be offered in evidence:

Objections, if any, to use of the preceding objects are as follows:

If any other objects are to be used by any party, such objects will be submitted to opposing counsel at least three business days before trial. If there is then any objection to use of the objects, the dispute will be submitted to the court at least one business day before trial.

**12.** The following is a list of witnesses the parties anticipate calling LIVE at trial (excluding witnesses to be used solely for rebuttal or impeachment). All listed witnesses must be present to testify when called by a party unless specific arrangements have been made with the trial judge before commencement of trial. The listing of a **Will Call** witness constitutes a professional representation, upon which opposing counsel may rely, that theness will be present at trial, absent reasonable written notice to counsel to the contrary. If testimony is to be offered via deposition, state whether the entire deposition, or only portions, will be used. Counsel **must** confer, no later than twenty-one days before the commencement of trial, to resolve **all** controversies concerning **all** depositions (electronically recorded or otherwise). All controversies not resolved by the parties **must** be submitted to the trial judge not later than fourteen days before trial. All objections not submitted within that time are waived.

| Name | Will/ May Call | [**F**]act/ [**E**]xpert [**L**]iability/ [**D**]amages | Business Address & Telephone Number |
|---|---|---|---|
| **By plaintiffs:** | | | |
| Wendy Yamano (via deposition, pages to be designated, if unavailable) | May | F,L | Wilmington, NC |
| Frederick "Fritz" Mitchell (via deposition, pages to be designated, if unavailable) | May | F,L | Charlotte, VT |

11

FORM 3 (ND/SD MISS. DEC. 2011)

| Name | Will/May Call | [F]act/[E]xpert [L]iability/[D]amages | Business Address & Telephone Number |
|---|---|---|---|
| Charles E. Smith, Jr., Ph. D. | Will | F, L, D | Oxford, MS |
| Edie Smith | May | F, L, D | Oxford, MS |
| Libby Geist (via deposition, pages to be designated, if unavailable) | May | F, L | New York, NY |
| Micah Ginn | Will | F, L, D | Oxford, MS |
| Jerry Hatchett | May | E, L, D | The Woodlands, TX |

*Plaintiff reserves the right to call any witness identified by the Defendants.*

| Name | Will/May Call | [F]act/[E]xpert [L]iability/[D]amages | Business Address & Telephone Number |
|---|---|---|---|
| **By defendants:** | | | |
| Wendy Yamano | Will | F, L, D | Wilmington, NC |
| Frederick "Fritz" Mitchell | May | F, L, D | Charlotte, VT |
| Charles E. Smith, Jr., Ph. D. | May | F, L, D | Oxford, MS |
| Edie Smith | May | F, L, D | Oxford, MS |
| Libby Geist | May | F, L, D | New York, NY |
| Micah Ginn | May | F, L, D | Oxford, MS |
| Jerry Hatchett | May | E, L, D | The Woodlands, TX |
| Mitchell Block | May | E, L, D | Santa Monica, CA |
| Brad Gaines | May | F, L, D | Gallatin, TN |

12

FORM 3 (ND/SD MISS. DEC. 2011)

**14.** This is a jury case.

**15.** Counsel suggests the following additional matters to aid in the disposition of this civil action: None.

**16.** Counsel estimates the length of the trial will be  4   days.

**17.** As stated in paragraph 1, this pretrial order has been formulated (a) at a pretrial conference before a judicial officer, notice of which was duly served on all parties, and at which the parties attended as stated above, or (b) the final pretrial conference having been dispensed with by the judicial officer, as a result of conferences between the parties. Reasonable opportunity has been afforded for corrections or additions prior to signing. This order will control the course of the trial, as provided by Rule 16, Federal Rules of Civil Procedure, and it may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

ORDERED, this the 13th day of November, 2017.

                                      **/s/MICHAEL P. MILLS**
                                      **UNITED STATES DISTRICT JUDGE**
                                      **NORTHERN DISTRICT OF MISSISSIPPI**

*/s/ D. Sterling Kidd*_____
        Attorney for Plaintiff

*/s/ M. Patrick McDowell*___ ____
        Attorney for Defendants

      Entry of the preceding Pretrial Order is recommended by me on this, the 13th day of November, 2017.

                                      __/s/ Roy Percy_____
                                      UNITED STATES MAGISTRATE JUDGE