IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**38 FILMS, LLC AND DR. CHARLES E. SMITH, JR.**         **PLAINTIFFS**

**VS.**         **CIVIL ACTION NO. 3:16-cv-198-MPM-RP**

**WENDY YAMANO; MT. PHILO FILMS, LLC;
ESPN, INC.; LASPATA DECARO STUDIO CORP.
JOHN DOES 1-3; AND XYZ
CORPORATIONS 1-3**         **DEFENDANTS**

---

**MOTION TO AMEND FINAL PRETRIAL ORDER
TO ADD STEVE MURPHY AS A WITNESS TO BE
CALLED VIA DEPOSITION**

---

COMES NOW, Plaintiff 38 Films LLC, and files this Motion to Amend Final Pretrial Order to Add Steve Murphy as a Witness to be Called Via Deposition. In support of its Motion, 38 Films states as follows:

1. The parties jointly submitted the Final Pretrial Order to the Court on November 9, 2017, and it was entered earlier this week, on November 13, 2017.

2. Prior to the joint submission of the Final Pretrial Order, Plaintiff engaged in meaningful trial preparation in an effort to streamline the issues for trial and avoid cluttering the Pretrial Order with unnecessary witnesses or evidence. However, Plaintiff did not engage in **final** pretrial preparation as the trial was still nearly one month away.

3. The parties in this case have stipulated that the Defendants "did not maintain native versions of the film [It's Time] that can be searched using forensic methodology."

4. This stipulation is relevant to the issue of spoliation. 38 Films intends to request a spoliation inference due to Defendants' failure to preserve a native version of the film, because Defendants were aware before their film ever aired that 38 Films was likely to pursue litigation

against them due to their breach of an oral contract with 38 Films. In particular, they were aware that (a) they were prohibited from using any material in their film that 38 Films had paid to digitize and (b) that if they used that material 38 Films would sue them.

5. In discovery (before they became aware that the Defendants had flagrantly breached their preservation obligations), 38 Films requested "all source material ('the source material') used in the production of *It's Time*, in its original format as obtained and/or used by You. The source material should be complete with original and unaltered metadata. The source material includes, but is not limited to, audio recordings, video recordings, audio/video recordings, graphics, logs, and any other documents used during the production. The source material should be produced in its full-length state as it was obtained by You and not as it was after being converted, edited, transcoded, or otherwise altered by You."

6. Defendants' counsel undertook a diligent search and originally reported that responsive materials had been located in the custody of an individual named Steve Murphy.

7. Mr. Murphy owns an editing studio that Defendants used to edit It's Time, and several of the Defendants have a long-standing relationship with Mr. Murphy, having used his studio on numerous projects.

8. When Mr. Murphy was deposed, he testified that he had no idea whether the materials that he possessed were actually made a part of *It's Time*, and Defendants later confirmed that they had failed to preserve the evidence necessary to answer that inquiry.

9. As previously stated, Plaintiff worked diligently to simplify the case and eradicate as many outstanding issues as possible. In that spirit, Plaintiff originally believed it did not need to call Steve Murphy as a witness or use his deposition transcript.

4845-3678-0117 v1
2931307-000001 11/17/2017

10. However, Plaintiff has determined that Mr. Murphy does provide potentially important information in that he helps to establish that materials that Plaintiff sent to Wendy Yamano were uploaded into his editing system subsequently used by Defendants to make *It's Time*.

11. Mr. Murphy's deposition is 15 pages. Plaintiff has designated a substantially shorter portion of the deposition to be used at trial. *See* Exhibit A.

12. 38 Films' designation of Mr. Murphy is untimely. It is untimely, however, because Plaintiff was attempting to streamline the case and remove unnecessary witnesses. Even now, it is requesting to designate Mr. Murphy as a witness only in the abundance of caution.

13. Defendants oppose Plaintiff's motion despite having been granted similar leeway by this Court. In particular, Defendants were allowed to untimely disclose and designate Brad Gaines as a witness. They were permitted to designate Brad Gaines despite the fact that Mr. Gaines was never properly disclosed during discovery and was not deposed during the discovery period.[1] Prior to Defendants' untimely designation, Plaintiff had no idea that Brad Gaines would be a trial witness, or even had discoverable knowledge regarding the case.

14. In contrast, Defendants have always been aware that Mr. Murphy has information relevant to this case – in fact that they are the ones that *identified* him as a person with knowledge. In addition, unlike Brad Gaines, Mr. Murphy was actually deposed during the discovery period.

15. Defendants will not be prejudiced by Mr. Murphy's simple recitation of facts, to which he testified during discovery. Nor will Mr. Murphy's testimony unduly prolong the trial.

---

[1] Mr. Gaines has since been deposed.

3

Reading the designated lines of the transcript or playing the designated lines of the video should take no longer than thirty minutes.

16. 38 Films has not delayed in bringing this issue to the Court's attention. 38 Films requested that Defendants agree to the designation on Tuesday and hen Plaintiff learned that Defendants intended to object to the addition of Murphy, it filed this Motion as soon as it could.

17. Plaintiff submits that the recitation herein show good cause. Plaintiff did not initially designate Murphy because they were trying to simplify this trial. Further, the Court has allowed Defendants leeway in adding Gaines, and it should allow Plaintiff similar leeway in adding Murphy.

This the 17th day of November, 2017.

    Respectfully submitted,

    38 FILMS, LLC

    By Its Attorneys,

    BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, PC

    BY: *D. Sterling Kidd*
          D. Sterling Kidd
          (MS Bar #103670)

**OF COUNSEL:**

Bradley W. Smith (MS Bar #9834) bsmith@bakerdonelson.com
D. Sterling Kidd (MS Bar #103670) skidd@bakerdonelson.com
BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC
One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi 39211
Telephone: (601) 351-8952
Facsimile: (601) 974-8952

4845-3678-0117 v1
2931307-000001 11/17/2017

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>M. Patrick McDowell (MSB No. 9746)
>Norman E. Bailey, Jr. (MSB No. 10053)
>Karen E. Howell (MSB No. 102243)
>BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
>Post Office Drawer 119
>Jackson, Mississippi 39201
>pmcdowell@brunini.com
>bbailey@brunini.com
>khowell@brunini.com
>
>James E. Curry
>Michael E. Gerst
>Sheppard, Mullin, Richter & Hampton, LLP
>1901 Avenue of the Stars, Suite 1600
>Los Angeles, California 90067
>jcurry@sheppardmullin.com
>mgerst@sheppardmullin.com
>
>**COUNSEL FOR DEFENDANTS**

This the 17th day of November, 2017.

>*D. Sterling Kidd*
>D. STERLING KIDD